Citation Nr: 1825339 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 14-38 804 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a back condition.

2. Entitlement to service connection for left leg numbness.


REPRESENTATION

Veteran represented by: Fleet Reserve Association


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel





INTRODUCTION

The Veteran served on active duty from June 1974 to July 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran asserts that his back and left leg injuries both occurred due to an incident in 1978 when struck by a military truck. The incident is not contained within the Service Treatment Records (STRs). The Board takes the Veteran's assertion at face value there was the stated injury. An incident of this magnitude still would be expected to be confirmed somewhere within medical documentation. A search should be made for service hospitalization records, whereas the incident is further alleged to have occurred while the Veteran was stationed in South Korea. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request whether he underwent hospitalization following the accident claimed in service, and if so at what facility and location, and for what duration. Then obtain the corresponding medical records based upon the information provided. 

2. Further notify the Veteran of the additional opportunity to identify treatment since service for the disabilities claimed, from VA and private sources. Then obtain the corresponding records based upon the information provided. 

3. Thereafter, readjudicate the claim on appeal in light all additional evidence received. If the benefit sought on appeal is not granted, the Veteran and his representative should be furnished with a Supplemental Statement of the Case (SSOC) and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (2012).






_________________________________________________
D. Martz Ames
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b)(2017).